**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| [REDACTED],<br><br>     PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>     DEFENDANTS. | CASE NO.: 23-CV-16808 |

**COMPLAINT**

Plaintiff, **[REDACTED]** ("**[REDACTED]**" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A, attached hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the online marketplace accounts identified in Schedule A which offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell products that infringe Plaintiff's federally registered copyrights. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## INTRODUCTION

4.      This action has been filed to combat the online copyright infringement activity of Defendants, who trade upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized, unauthentic, and infringing products in connection with Plaintiff's federally registered copyrights, as well as to prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by **[REDACTED]**.

5.      Plaintiff, **[REDACTED]**, along with **[REDACTED]**., is the co-owner and copyright holder for **[REDACTED]**, and Plaintiff is the owner of numerous other **[REDACTED]**copyrights, all of which have effective registration dates as early as 2009 and are attached hereto as __Exhibit 1__ (hereinafter referred to as **[REDACTED]**Copyrights"). Examples of the copyrighted images covered by the registrations are shown in the table below.

| EXAMPLES OF [REDACTED] COPYRIGHTED IMAGES | |
|---|---|
| [REDACTED] | [REDACTED] |

6.      In an effort to illegally and deceptively profit from the **[REDACTED]** Copyrights, Defendants created numerous online marketplace accounts and online stores (referred to as "Defendant Internet Stores" or "Seller Aliases"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufactured by or authorized by **[REDACTED]** (the "**[REDACTED]** Products"), with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing **[REDACTED]** Products (hereinafter referred to as "Infringing **[REDACTED]** Products" or "Infringing Products").

7.      Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

8.      Plaintiff is forced to file this action to combat Defendants' ongoing infringement of Plaintiff's **[REDACTED]** Copyrights (collectively, "**[REDACTED]** Intellectual Property" or "**[REDACTED]** IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and tarnishment of its valuable **[REDACTED]** Copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

**THE PLAINTIFF**

9.      **[REDACTED]**

10.     **[REDACTED]**

11.     **[REDACTED]**

12.     **[REDACTED]** has an exclusive agreement with **[REDACTED]**, which grants **[REDACTED]** exclusive rights to develop, manufacture, distribute, license, sell, promote and otherwise exploit goods and services of every kind and nature based upon or derived from **[REDACTED]** throughout the world in perpetuity.

13.     **[REDACTED]** is the exclusive source and licensor of all official **[REDACTED]** Products including, but not limited to, clothing, costumes, décor, toys, and accessories. **[REDACTED]** is in the business of developing, marketing, selling, and distributing **[REDACTED]** Products worldwide. Examples of **[REDACTED]** ecommerce store are shown below.

| AUTHENTIC ECOMMERCE EXAMPLES |
|---|
| **[REDACTED]** |

14.     **[REDACTED]** has expended significant time, energy, money, and resources into promoting **[REDACTED]** Products. **[REDACTED]** has been licensing and distributing merchandise related to **[REDACTED]** for more than ten years.

15.     Due to the efforts of **[REDACTED]**, the quality of its **[REDACTED]** Products, the promotional efforts for **[REDACTED]**and its related products and designs, press and media

coverage, and widespread marketing, members of the public have become familiar with the **[REDACTED]** Products and the **[REDACTED]** Copyrights.

16.     As a result, **[REDACTED]** Products are widely known and recognizable, and are exclusively associated by consumers as being official **[REDACTED]** merchandise sourced from Plaintiff. This consumer recognition, awareness, and goodwill in the **[REDACTED]** Products and Copyrights are of incalculable and inestimable value to the Plaintiff.

17.     **[REDACTED]** has made efforts to protect its interests in and to the **[REDACTED]** Intellectual Property. **[REDACTED]** and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the **[REDACTED]** Copyrights, without the express written permission of **[REDACTED]**.

18.     Plaintiff has not licensed or authorized Defendants to use the **[REDACTED]** Copyrights nor has it licensed or authorized Defendants to sell **[REDACTED]** Products which utilize the **[REDACTED]** Copyrights, and/or are derivative thereof.

## THE DEFENDANTS

19.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive commercial websites and online marketplace accounts operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Infringing **[REDACTED]** Products to consumers within the United States, Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

20. The success and widespread popularity and recognition of the **[REDACTED]** brand and **[REDACTED]** Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous Seller Aliases linked to fully interactive websites and marketplace listings on platforms which include, but are not limited to those operated by Alibaba, AliExpress, Amazon, DHGate, eBay, Printerval, Walmart, Whaleco, Inc. d/b/a Temu, and ContextLogic, Inc. d/b/a Wish (collectively, the "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, and importing Infringing **[REDACTED]** Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[4] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

21. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above-mentioned digital marketplaces, an

---

[4] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[5]

22.     Upon information and belief, Defendants facilitate sales by designing their Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine **[REDACTED]** Products, through the use of **[REDACTED]** Intellectual Property. Defendant Internet Stores look sophisticated and perpetuate an illusion of legitimacy – they accept payment in U.S. dollars via credit cards, Western Union, and PayPal; they often include images and design elements that make it difficult for consumers to distinguish these unauthorized sites from an authorized website; they offer "live 24/7" customer service; and, they use indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

23.     Upon information and belief, Defendants also deceive unknowing consumers by using the **[REDACTED]** name and titles of **[REDACTED]**'s copyrighted works without authorization within the content, text, and/or metatags of their websites, in order to attract and manipulate search engines into identifying the Defendant Internet Stores as legitimate websites for **[REDACTED]** **[REDACTED]** Products. Defendants also employ other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores show up at or near the top of relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are meant to, and are successful in, misdirecting consumers who are searching for genuine **[REDACTED]** Products.

---

[5] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

24.     Upon information and belief, Defendants operate in a collective and organized manner, often monitor intellectual property infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other – utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[6] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

25.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendants use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed on Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

26.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical layouts, even though different aliases were used to register the respective online marketplace accounts; (2) similarities of the Infringing **[REDACTED]** Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common

_____

[6] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

source and that, upon information and belief, Defendants are interrelated; and, (3) other notable common features such as use of the same registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, metadata, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

27.     Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as eBay, PayPal, Payoneer, Stripe, LianLian, Wish, Amazon, Temu, Walmart, Printerval, and Alipay (collectively, the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, and upon information and belief, and as financial transaction logs in previous similar cases have shown, Defendants often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

28.     Defendants, without any authorization or license, have knowingly and willfully infringed the **[REDACTED]** Copyrights in connection with the advertisement, distribution, offering for sale, and sale of illegal, and infringing products into the United States and Illinois.

29.     In committing these acts, Defendants have, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to **[REDACTED]**'s **[REDACTED]** Copyrights: infringed upon and copied the **[REDACTED]** Copyrights; created, manufactured, sold, and/or offered to sell Infringing Products and/or products which infringe upon the **[REDACTED]** Intellectual Property; used the **[REDACTED]** IP in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the

9

**[REDACTED]** Copyrights; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expenses of **[REDACTED]**.

30.     Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Infringing Products. Defendants directed, supervised, and/or controlled activity infringing on Plaintiff's Copyrights and the sale of Infringing Products. Defendants have a direct financial interest in, and gain a direct financial benefit from infringing activity and realize profits from the sale of Infringing Products.

31.     By engaging in the illegal conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants. There is a causal relationship between the infringing activity and the financial benefit reaped by Defendants.

32.     Unless enjoined, Defendants will continue to cause irreparable harm to **[REDACTED]**.

<u>**COUNT I**</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

33.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34.     The **[REDACTED]** Copyrights are the subject of multiple valid copyright registrations held by the Plaintiff.

35.     Plaintiff, at all relevant times, has been the holder and/or co-holder of the copyright registrations and the exclusive rights of and belonging to **[REDACTED]**, including, but not limited to, the **[REDACTED]** Copyrights and derivative works.

36.      These copyrights have significant value and have been produced and created at considerable expense.

10

37.     The copyrighted products typically include a copyright notice advising the general public that the **[REDACTED]** Products are protected by the Copyright Laws of the United States.

38.     Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

39.     **[REDACTED]** is informed, and thereon alleges, that Defendants further infringed **[REDACTED]** Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the **[REDACTED]** Copyrights, without permission of **[REDACTED]**.

40.     Each Defendant, without the permission or consent of the Plaintiff, has sold, and continues to sell, online infringing derivative works of Plaintiff's Copyrights. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq*.).

41.     Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrights. **[REDACTED]** is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

42.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

43.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be

compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's Copyrighted works.

## **COUNT II**
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

44.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.     Plaintiff, as the co-owner of all right, title, and interest in and to the **[REDACTED]** Copyrights, and exclusive rights in the **[REDACTED]** Products, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

46.     The **[REDACTED]**, name, and images are well-known internationally, and the **[REDACTED]** Copyrights and **[REDACTED]** Products are used and sold by **[REDACTED]** worldwide.

47.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products using the **[REDACTED]** name and images, has created, and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff.

48.     By using the **[REDACTED]** Copyrights in connection with the sale of unauthorized products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products by Plaintiff.

49.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

50.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, the **[REDACTED]** Copyrights.

51.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its **[REDACTED]** Products and by depriving Plaintiff of the value of its **[REDACTED]** Copyrights as commercial assets in an amount as yet unknown.

52.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

### COUNT III
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

53.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine **[REDACTED]** Products, through Defendants' representation that Defendants' Infringing Products have Plaintiff's approval, when they do not.

13

55.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

56.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1)   That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.   using the **[REDACTED]** Copyrights or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized **[REDACTED]** Product, or is not authorized by Plaintiff to be sold in connection with the **[REDACTED]** Copyrights;

b.   passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the **[REDACTED]** Copyrights;

c.   shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the **[REDACTED]** Copyrights, or which are derived from the **[REDACTED]** Copyrights;

14

    d. further infringing the **[REDACTED]** Copyrights and damaging Plaintiff's goodwill;

    e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the **[REDACTED]** Copyrights or which are derived from Plaintiff's **[REDACTED]** Copyrights;

    f. operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the **[REDACTED]** Copyrights, or which are derived from Plaintiff's **[REDACTED]** Copyrights;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear the **[REDACTED]** Copyrights, including any accounts associated with Defendants on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which

15

bear the **[REDACTED]** Copyrights, or which are derived from the **[REDACTED]**

Copyrights; and,

    c.   take all steps necessary to prevent links to the Defendant Internet Stores identified

on Schedule A from displaying in search results, including, but not limited to,

removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by

reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully

infringed Plaintiff's rights in its federally registered Copyrights pursuant to 17 U.S.C. §501; and,

b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and

conduct set forth in this Complaint;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available

damages pursuant to 17 U.S.C. §504, and/or 15 U.S.C. §1114, at the election of Plaintiff;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7) Any and all other relief that this Court deems just and proper.


DATED: December 16, 2023          Respectfully submitted,

                                                */s/ Alison K. Carter*
                                                Ann Marie Sullivan
                                                Alison K. Carter

                                                **SULLIVAN & CARTER, LLP**
                                                2743 N. Ridgeway Ave.
                                                Chicago, Illinois 60647
                                                Telephone: 929-724-7529
                                                E-mail: a.carter@scip.law

                                                ***ATTORNEYS FOR PLAINTIFF***